(Ottawa Co., Common Pleas Court.)

ANNA BILLINGS v. EMIL DRESS-
LER et al, COMMISSIONERS
OF OTTAWA COUNTY.

---

1. Section 845 of the Revised Statutes, as amended (91 O. L., 142-3) is not unconstitutional as an act of a general nature not having a uniform operation throughout the state. In so far as its operation is restricted, it is not of a general nature.

2. By said section the county commissioners of all counties in the state are made liable in their official capacity for any damages received by reason of their neglect to keep in proper repair any state or county road or bridge established by them.

3. Such commissioners are required to construct bridges over streams on county roads and to construct and keep in repair the approaches thereto. A neglect to keep such an approach in repair will render the commissioners liable in their official capacity for damages directly caused by such negligence without fault or contributing negligence on the part of the person complaining.

4. That neglect to keep such approach in proper repair may be defined as a nuisance, does not affect the liability of the commissioners. It is the nature, not the name of their act or omission that renders them liable in their official and representative capacity rather than as individuals.

---

WILDMAN, J.

The amended petition claims damages against the county commissioners of Ottawa county by reason of facts alleged substantially as follows: That a legally established county road crosses by a bridge a creek in said county which said commissioners employed parties to clean out, dredge and deepen; that to accompilsh the moving of the dredge used along the creek and across the road, instead of removing the permanent

bridge, an opening or channel was made by order of the commissioners around the end of the bridge and across the road, and a temporary bridge constructed over this opening to enable the public to travel along the road and across the creek.

The persons doing this work negligently failed to level up the highway to the level of the temporary bridge, and to make it possible for people to pass, they placed boards or planks in a standing position which answered the purpose so long as they remained in place; but for a period of ninety days or more just prior to the injury to the plaintiff hereinafter mentioned, the commissioners negligently permitted said board or plank to remain out of position, whereby the plaintiff, who was riding with her husband along said road, unaware of said condition and without fault, was thrown out of the buggy in which she was riding, and sustained the injuries for which she claims damages.

The action is brought under Rev. Stat., 845, as amended April 13, 1894. (91 O. L. pp. 142, 143).

To this amended petition a general demurrer is filed, and in support of the demurrer it is urged:

1. That the statute on which the action is based is unconstitutional, and

2. That the wrongful act and omissions charged constitute a nuisance, for which the defendants are liable, if at all, as individuals, and not in their official capacity.

It is claimed that the statute is in violation of section 26, of art. 2, of the constitution, in that it is an act of a general nature, and is limited in its operation to counties not having "a county solicitor or a board of control having a solicitor."

I think that the position cannot be maintained. The exclusion of Hamilton and Cuyahoga counties.is, I feel clear, not from the operation of the entire section, but only from that part of it applicable to the employment and payment of counsel. This part of the section is not of a general nature, and may properly have a restricted operation.

To give to the words "And the provisions of this section shall not apply" etc. a literal interpretation, would be to hold that in Hamilton and Cuyahoga counties the county commissioners are not given power to sue or be sued, and that they have none of the powers or duties defined in the section. The board of control was established in Hamilton county as long ago as March 13, 1872, (69 O. L. 40) and since that date numerous cases have been carried through the courts in which the commissioners of that county were plaintiffs or defendants. For illustration see State ex rel. v. Commissioners, 26 Ohio St., 364; Com'rs. Noyes, 35 Ohio St., 201 (holding

that com'rs have power to sue); Butler v. Com'rs., 49 Ohio St., 301, and Com'rs. v. Rosche Bros., 50 Ohio St., 103.

It can hardly be supposed that the legislature intended to leave Hamilton or Cuyahoga county without a body possessing the quasi corporate function of representing the county in the courts; but to construe the section under examination as counsel contend that it should be construed, would be to deprive both of said counties of any such body; for Cuyahoga county has a solicitor, and Hamilton county a board of control having a solicitor, but upon neither solicitor nor board of control is conferred such quasi corporate function.

The board of control of Hamilton county has certain duties of supervision, but is not clothed with the power expressly given to the commissioners of the counties generally (and I think of Hamilton and Cuyahoga) of suing and being sued.

The district court of Hamilton county held in The State ex rel. v. Brown, et al., members of the board of control of Hamilton county, that the board of control "has no functions or capacities whatever, except the supervisory power over certain acts of the commissioners. They are not even a quasi corporation, for they have no capacity to sue or be sued." 4 Bull., 174; 7 Amer. Law Rec., 652, 657-8. The same case holds that the county commissioners (not excepting those of Hamilton county) have power to sue and be sued. As they must derive such power from the section under consideration, the same section which, as amended, imposes a liability on them in their official capacity for neglecting to keep in repair roads and bridges, the logical result is to hold the whole section valid. The parts of the section conferring corporate power are as general in their nature as that imposing the liability mentioned.

Some further light as to the legislative intent may be afforded by an examination of section 1274 (expressly referred to in 845), 1282a, and 3977.

Treating the statute as valid, does the amended petition state facts constituting a cause of action under it?

Section 865 of the Revised Statutes, authorizes the commissioners to "cause any creek or watercourse.to be straightened or cleaned out for the protection of any bridge or road within their control." While the purpose of the cleaning out of the creek mentioned in the petition is not stated, it does not appear that the acts of the commissioners in this respect were unlawful; that they were not done under the legal authority of this section cited; and I am not able to say that any necessary act of the commissioners in carrying on the work of dredging the creek was unlawful. Assuming that they were acting in pur-

suance of the authority conferred by the statute, I am of opinion that they might, if necessary, cut the channel across the county road and cover the approach to the permanent bridge by a temporary structure, that public travel might not be obstructed. Section 860 makes it their duty to construct bridges over streams on county roads, and section 861 to construct and keep in repair approaches thereto. Such approach is a part of the highway, or bridge and for negligence in keeping it in proper repair, the legislature must be held to have intended that the commissioners should be liable in their official capacity. I cannot read the sections referred to in connection with other sections of the statutes relating to the commissioners and their duties as to public roads and bridges, and avoid this conclusion. Without further elaboration, I refer to Rev. Stats., 860, 869 and 4940.

With the view which I entertain of these alleged acts of the commissioners, it is hardly necessary to examine the case which is largely relied upon by counsel for defendants, The Village of Cardington v. Adm'r. of Frederick, 46 Ohio St., 442, and which is claimed to be directly in point.

But I think that the case cited, when carefully read, will not sustain the contention of defendants' counsel. The quotations made with approval from Harris' Crim. Law, and Wood on Nuisances, (46 Ohio St., 446-447) treat obstructions and defects in highways as alike nuisances, actions for which will abate by the death of the person injured thereby. The leaving the street unrepaired is held to be a nuisance as well as the placing or leaving of obstructions thereon.

But the leaving a county road out of repair, whether we call it a nuisance or not, is exactly the neglect for which the law makes county commissioners liable as such.

It does not then, affect the question to name the temporary structure placed in the highway, or the leaving it out of repair, a nuisance. The liability of the commissioners is to be determined by the nature, and not the name of the thing complained of. The demurrer to the amended petition should be sustained. The facts stated and by the demurrer conceded to be true, constitute a cause of action.

Thos. N. Bierly and G. C. Sheffler, for plaintiff.

Wm. Gordon and C. J. York, for defendants.